# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00202-CV

---

**Gerardo Saldivar Mendo and Marcelina Castro, Appellants**

**v.**

**Jeannine Flournoy Brown, Individually and as Trustee of J&R Trust, Appellee**

---

**FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-23-003478, THE HONORABLE ERIC SHEPPARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On March 17, 2025, Appellants Gerardo Saldivar Mendo and Marcelina Castro filed a notice of appeal, attempting to appeal from the trial court's July 29, 2024 final judgment entered granting Appellee's motion for summary judgment and dismissing Appellants' claims with prejudice. Because the order was signed on July 29, 2024, and because Appellants did not timely file a motion that would extend the appellate timetable, the deadline for Appellants to file their notice of appeal was on or before August 28, 2024.[1] *See* Tex. R. App. P. 26.1 (setting deadline to file notice of appeal within thirty days after judgment is signed except in circumstances not

---

[1] The record also contains a judgment nunc pro tunc signed on December 19, 2024, but because that order was entered outside the trial court's 30-day window of plenary power, it did not serve to extend the appellate timetable. *See Castillo v. State*, No. 03-11-00503-CV, 2012 WL 3793276, at *2 (Tex. App.—Austin Aug. 29, 2012, no pet.) (mem. op.) ("A nunc pro tunc judgment entered after the expiration of the trial court's plenary power does not extend the time in which to perfect appeal of matters contained in the original judgment.").

applicable here). However, Appellants' notice of appeal was not filed until March 17, 2025. Although this Court may grant a 15-day extension, the notice of appeal was also filed outside the extension period. *See id.* R. 26.3 (authorizing appellate court to extend deadline to file notice of appeal by fifteen days).

On May 9, 2025, the Clerk of this Court advised Appellants that this appeal appeared to be untimely, requested a response from them on or before May 19, 2025, explaining how this Court may exercise jurisdiction over this appeal, and informed them that this appeal may be dismissed for want of jurisdiction unless they timely responded and demonstrated jurisdiction. To date, Appellants have not filed a response.

Because Appellants did not file their notice of appeal timely, we do not have jurisdiction over this appeal. *See id.* R. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction); *see also id.* R. 2 (prohibiting appellate court from altering the time for perfecting an appeal in a civil case). Thus, we dismiss it for want of jurisdiction. *See id.* R. 42.3(a).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed: May 30, 2025

2